OPINION
On November 20, 1997, the Delaware County Grand Jury indicted appellant on one count of rape, one count of aggravated burglary, one count of sexual battery, and one count of intimidation of a witness in a criminal case. Appellant was arraigned in Delaware County Common Pleas Court on November 26, 1997, and entered a plea of not guilty to all counts of the indictment.
On February 2, 1998, the case came before the trial court for a change of plea hearing. At that time, the state advised the trial court it had a negotiated plea agreement with appellant's trial counsel, to wit: appellant would plead guilty, pursuant toNorth Carolina vs. Alford (1971), 400 U.S. 25, to one count of sexual battery in violation of R.C. 2907.03(A)(1), and one count of burglary in violation of R.C. 2911.12(a)(1), which were lesser included offenses of the first and second counts of the indictment respectively and the state would dismiss the remaining third and fourth counts of the indictment. The state additionally agreed not to oppose a pre-sentence report or to make any recommendations at sentencing.
The trial court proceeded to advise Appellant Hiles of the potential consequences and effects of his pleading guilty, plus the rights he was waving by said plea. The state entered a recitation of what they expected the evidence to prove as a factual basis for the charges. The trial court stated, for the record, that it found appellant aware of the rights waived by his plea, as well as "the full range of prison term and non-prison term sanctions" applicable in this case. The trial court then entered a finding of guilty pursuant to appellant's Alford plea. The trial court thereafter advised appellant he would have to register as a convicted sex offender pursuant to R. C. 2950, after having accepted orally, on the record, appellant's plea to the amended charges, but prior to the signed entry accepting the guilty plea.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT (SIC) ACCEPTANCE OF APPELLANT'S PLEA DID NOT CONFORM WITH CRIMINAL RULE 11 IN THAT APPELLANT WAS NOT REASONABLY ADVISED OF THE FULL EFFECTS AND CONSEQUENCES OF HIS PLEA; SPECIFICALLY THE IMPOSITION OF POST-RELEASE CONTROLS PURSUANT TO R.C. 2950.01, ET SEQ.
Appellant submits that the trial court's failure to personally advise him of the mandatory registration requirements to be imposed pursuant to R. C. 2950, prior to accepting his plea and finding him guilty, did not constitute substantial compliance with Crim.R. 11(C)(2)(a) and (b), thus requiring the guilty plea to be vacated.
Crim.R. 11(C)(2) states:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, * * *.
 b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest * * *.
Appellant asserts the language "the maximum penalties" and "effect of a guilty plea" in Crim.R. 11 requires that defendants be advised of the R.C. 2950 registration requirements.
We disagree. The Montgomery County Court of Appeals in Statev. Condron (March 27, 1998), Montgomery App. No. 16430, unreported, found that Crim.R. 11 generally does not require that defendants be advised of "collateral consequences". The court went on to state "[b]ecause Megan's laws are not punitive, the registration and notification requirements are collateral consequences of defendants guilty plea." Id. at 7. AlthoughCondron is an unreported case and not controlling, we find it persuasive.
Appellant cites State v. Stamper as holding contrary toCondron. We find otherwise. Stamper was decided pursuant to Crim.R. 11(E) which refers to advising a defendant of the "effects of the plea" in misdemeanor cases. We do not equate the loss of a driver's license with the registration requirements of R. C. 2950. We would distinguish Stamper from Condron based upon the concept of "collateral consequences". A "collateral consequence" does not include the taking away of a statutory right. The requirement to register as a sexual predator does not take away a statutory right. Further, it is not listed as a punishment under the statutory guidelines for sentencing. Unless the defendant is deprived of a right, statutory or constitutional, it is by nature a "collateral consequence".
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.